ORIGINAL

SABLAN_J.pet

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910-5059
TEL: (671) 472-7332
FAX: (671) 472-7215

Attorney's for United States of America

FILED
DISTRICT COURT OF GUAM
JUL 17 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES G. SABLAN,<br><br>    Defendant. | CRIMINAL CASE NO. 02-00012<br><br>PETITION FOR CREDIT<br>OF PAYMENT |

## PETITION

COMES NOW the United States of America, by and through its undersigned counsel, and respectfully petitions this Court for the entry of an order for the Clerk's Office to credit the payment made by Defendant JAMES G. SABLAN (hereinafter referred to as "Defendant SABLAN") in *SMC Joint Venture vs. Bank of Guam, et al., CV 0796-00* and in support hereof, states as follows:

    1.    On August 15, 2003, sentence was imposed by this Court against Defendant SABLAN and among other things, restitution in the amount of $33,300.00 and a $5,000.00 fine were ordered. See Attachment "A."

//

//

2. At the inquiry of Defendant SABLAN's probation officer, our office researched the possibility of Defendant SABLAN receiving credit for his $5,000.00 settlement payment in *SMC Joint Venture vs. Bank of Guam, et al., CV 0796-00*.

3. Said conviction of Defendant SABLAN in Criminal Case No. 02-00012 incorporated the same criminal acts in the complaint filed in *SMC Joint Venture vs. Bank of Guam, et al., CV 0796-00*. See Attachment "B."

4. Our office credited Defendant SABLAN the $5,000.00 settlement payment towards his restitution obligation in Criminal Case No. 02-00012. See Attachment "C."

5. Plaintiff respectfully requests that the Clerk's Office of the U.S. District Court of Guam credit the amount of $5,000.00 paid by Defendant SABLAN *SMC Joint Venture vs. Bank of Guam, et al., CV 0796-00*

DATED this 17th day of July, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

# UNITED STATES DISTRICT COURT

US Atty

District of _____ **GUAM**

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| JAMES G. SABLAN | Case Number: CR-02-00012-001 |

MICHAEL GREEN
Defendant's Attorney

FILED
DISTRICT COURT OF GUAM
AUG 1 9 2003
MARY L. M. MORAN
CLERK OF COURT

**THE DEFENDANT:**

X pleaded guilty to count(s) **IX**

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§2, 1957 and 666(a)(1)(A) | ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY | 05/14/1998 | IX |

The defendant is sentenced as provided in pages 2 through **5** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

Count(s) **I thru VIII and X thru XVIII**  ☐ is  X are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: ████-5920

Defendant's Date of Birth: ███/1950

Defendant's USM No.: 02294-093

Defendant's Residence Address:

████████████
████ GUAM 96915

Defendant's Mailing Address:

████████████
████ GUAM 96915

08/15/2003
Date of Imposition of Judgment

*Alex R. Munson*
Signature of Judicial Officer

ALEX R. MUNSON, U.S. DISTRICT COURT JUDGE
Name and Title of Judicial Officer

AUG 1 9 2003
Date

A

AO 245B (Rev. 3/01) Judgment in a Criminal Case
Sheet 4—Probation

Judgment—Page 2 of 5

DEFENDANT: JAMES G. SABLAN
CASE NUMBER: CR-02-00012-001

# PROBATION

The defendant is hereby sentenced to probation for a term of **3 YEARS**

While on Probation, the defendant shall participate in a financial management program to pay any monetary penalties.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter.

X  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page 3 of 5

DEFENDANT: JAMES G. SABLAN
CASE NUMBER: CR-02-00012-001

## ADDITIONAL PROBATION TERMS

1. DEFENDANT SHALL OBEY ALL FEDERAL, STATE AND LOCAL LAWS.

2. DEFENDANT SHALL COMPLY WITH THE STANDARD CONDITIONS OF PROBATIONS AS SET FORTH BY THE U.S. PROBATION OFFICE.

3. DEFENDANT SHALL NOT USE OR POSSESS ILLEGAL CONTROLLED SUBSTANCES.

4. DEFENDANT SHALL REFRAIN FROM THE USE OF ANY AND ALL ALCOHOLIC BEVERAGES.

5. DEFENDANT SHALL NOT INCUR ANY NEW CREDIT CHARGES OR OPEN ADDITIONAL LINES OF CREDIT WITHOUT THE APPROVAL OF THE U.S. PROBATION OFFICE.

6. DEFENDANT SHALL PROVIDE THE U.S. PROBATION OFFICE ACCESS TO ANY REQUESTED FINANCIAL INFORMATION.

7. DEFENDANT SHALL PAY RESTITUTION JOINTLY AND SEVERALLY WITH CO-DEFENDANT, MARILYN MANIBUSAN, IN UNITED STATES DISTRICT COURT CRIMINAL CASE NUMBER 02-12, IN THE AMOUNT OF $33,300. PAYMENTS SHALL BE REMITTED TO THE CLERK OF COURT, 4TH FLOOR, U.S. COURTHOUSE, 520 WEST SOLEDAD AVENUE, HAGATNA, GUAM 96910 WHICH SHALL BE DISTRIBUTED TO THE VICTIM:

> SHINIL PACIFIC
> P.O. BOX 11319
> TAMUNING, GUAM 96931

8. DEFENDANT SHALL OBTAIN AND MAINTAIN GAINFUL EMPLOYMENT.

9. DEFENDANT SHALL PERFORM 500 HOURS OF COMMUNITY SERVICE.

Judgment — Page 4 of 5

DEFENDANT: JAMES G. SABLAN
CASE NUMBER: CR-02-00012-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 5,000.00 | $ 33,300.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| SHINIL PACIFIC<br>P.O. BOX 11319<br>TAMUNING, GUAM 96931 |  | $ 33,300.00 |  |

TOTALS $ _____ $ 33,300.00

☐ If applicable, restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: JAMES G. SABLAN
CASE NUMBER: CR-02-00012-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  X  Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with  ☐ C,  ☐ D, or  ☐ E below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ E below); or

C  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X  Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:
    MARILYN D.A. MANIBUSAN, CR-02-00012, $33,300.00

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DOOLEY LANNEN ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96911
Telephone: (671) 646-1222
Facsimile: (671) 646-1223

Attorneys for Plaintiff
SMC Joint Venture

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SMC JOINT VENTURE, ) | CIVIL CASE NUMBER CV CV 0796-00 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| BANK OF GUAM, MARILYN MANIBUSAN, ) | |
| JAMES SABLAN AND IL JOONG JOO, ) | |
| ) | |
| Defendants. ) | |

COMES NOW SMC Joint Venture, and as its complaint alleges as follows:

## GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

1. This Court has jurisdiction over this matter pursuant to 7 G.C.A. Section 3105, as amended.

2. SMC Joint Venture is a Guam joint venture organized under the laws of Guam.

3. Upon information and belief, Defendant Bank of Guam (hereinafter "BOG") is a Guam banking corporation authorized to transact the business of banking in Guam and elsewhere.


4. Upon information and belief, Defendant Marilyn Manibusan (hereinafter "Manibusan") is a resident of Guam.

5. Upon information and belief, Defendant James Sablan (hereinafter "Sablan") is a resident of Guam.

6. At all times relevant hereto, Defendant Il Joong Joo (hereinafter "Joo") was a resident of Guam.

7. At all times relevant hereto, Joo was the resident manager of SMC in Guam.

8. At all times relevant hereto, Sablan was the president of Guam Housing Corporation.

9. At all times relevant hereto, Manibusan was the chairman of the Guam Territorial Land Use Commission.

10. SMC is a developer of a 63-unit housing development in Dededo, Guam.

11. In order to sell the 63 units, SMC sought financing from the Guam Housing Corporation.

12. As part of its attempt to obtain financing, SMC and the Guam Housing Corporation entered into a Memorandum of Understanding on July 26, 1997, a copy of which is attached hereto as Exhibit A.

13. As part of its obligations under the Memorandum of Understanding, SMC made a deposit of $50,000.00 to the Guam Housing Corporation. A copy of the check wherein SMC deposited $50,000.00 to the Guam Housing Corporation is attached hereto as Exhibit B.

2

14. It became apparent that Guam Housing Corporation would not be able to obtain financing for the SMC development project.

15. At some time in May, 1998, Sablan and Manibusan approached Joo for the purpose of removing the SMC non-refundable $50,000.00 deposit from the Guam Housing Corporation and dividing it among Joo, Manibusan and Sablan.

16. On or about May 13, 1998, Sablan, in his capacity as the president of the Guam Housing Corporation, issued a $50,000.00 payable to SMC Joint Venture in care of Mr. Joo, Il Joong. A true and correct of said check is attached hereto as Exhibit C.

17. As part of the scheme to take SMC's money, Manibusan, through a friend at the Bank of Guam, assisted Joo to establish a personal checking account.

18. Although the check was made payable to SMC Joint Venture, an unnamed Bank of Guam employee, in conspiracy with Manibusan, deposited said funds into the personal bank account of Joo.

19. Thereafter, Joo wrote a check in the amount of $26,300.00 payable to Manibusan. Joo also withdraw $7,000.00 in cash from his personal checking account and gave that to Manibusan.

20. Manibusan then paid a share of the funds to Sablan.

21. Joo and Manibusan kept the remainder of the funds.

**CONVERSION BY JOO, MANIBUSAN AND SABLAN**

22. Joo, Manibusan and Sablan have converted SMC's funds in the amount of $50,000.00 and are obligated to repay the money.

3

23. The acts of Manibusan, Joo and Sablan were willful, wanton and intentional entitling SMC to an award of punitive damages in an amount of $100,000.00.

## IMPROPER TRANSFER OF FUNDS BY BANK OF GUAM

24. On or about May 13, 1998, the Bank of Guam improperly deposited funds payable to SMC into the personal checking account of Joo.

25. The teller at the Bank of Guam knowingly deposited the funds into the wrong account as part of the conspiracy entered into by Joo, Manibusan and Sablan to defraud SMC of its funds.

26. The acts of the teller at BOG were fraudulent and were intended to assist in the conspiracy to convert the funds of SMC.

**WHEREFORE**, SMC prays for judgment as follows:

1. That Joo, Manibusan, Sablan and the Bank of Guam be ordered to pay SMC the sum of $50,000.00;

2. That punitive damages in the amount of $100,000.00 be awarded against Joo, Manibusan and Sablan;

3. For costs incurred in pursuing this matter; and

//

//

//

4

4. For such other and further relief as the Court deems appropriate.

Dated this 12th day of May, 2000.

DOOLEY LANNEN ROBERTS & FOWLER LLP

By: _____
**DAVID W. DOOLEY**
Attorneys for Plaintiff
SMC Joint Venture

DWD/ts
F#S103.3 D#S1033COMPLAINT1 DIR#MAY2000

5

# MEMORANDUM OF UNDERSTANDING

This Memorandum of Understanding is entered into between SMC JOINT VENTURE (hereinafter referred to as "SMC"), whose business address is 809 Pia Marine, P.O. Box 11319, Tamuning, Guam 96931, and Guam Housing Corporation (hereinafter referred to as "GHC"), whose address is P.O. Box 3457 Agana, Guam 96910.

SMC is a joint venture organized and registered on Guam for the purpose of housing development.

GHC is a body corporate subject to the general direction of Governor of Guam, whose legislative mandate includes providing affordable housing financing and affordable living accommodation to qualified residents of Guam.

### Effective Date

Upon the date of the signing

### Terms

SMC is the owner/developer of a 63-unit subdivision, better known as "SAGAN I-PAPAO" situated in Dededo, Guam, comprised of three (3) models of three (3) bedroom homes. SMC intends to participate in the Vision 2001 public-private partnership in the affordable housing program with GHC by offering the homes to GHC clients from $165,000 to $175,000 each home, dependant on the model.

GHC administers housing programs, particularly the "affordable nousing program", and has clients who are seeking to fulfill their dreams by being an owner of a home which they can afford.

The Governor's Vision 2001 offers an opportunity for both the government and private developers to enter into an initiative to effectuate the mission of the "affordable housing, public-private venture".

SMC agrees to pay GHC for the administration and facilitation of the venture, a fee of one percent (1%) of the selling price of each unit referred by GHC of qualified GHC buyers, payable upon client earnest deposit for purchase of that property. Except as stated herein, SMC shall be under no obligation to pay any other fees to GHC. GHC shall also not share in any profits which may be earned by SMC from the Sagan I-PaPao Development. SMC also agrees to immediately make a fifty percent (50%) deposit of this is not refundable fee, representing one percent (1%) of the sale price of thirty-one

**EXHIBIT A**

units of the proposed sixty-three, in consideration of GHC beginning to develop and format the process for such venture.

SMC shall provide GHC with the approved development plan, plot map of each homes plotted on the subdivision map, and a sketch of each model outlined in SMC's marketing brochure.

GHC will provide to SMC the name of the individual(s) interested and who have qualified for GHC financing on the purchase of said homes upon authorization by the client. SMC will provide the following services for GHC clients.

1. Show the client the site and model homes after built.
2. Provide all drawing to the client after client shows real interest in said house and lot.
3. After a certain earnest deposit by the client of $ 1%, SMC will begin to secure all necessary permits for the building (if not yet built) and occupancy of said home.

SMC and GHC will also entertain other terms not specified in this MOU if such terms are mutually agreed to and in writing in an Amended Memorandum superseding any prior Memorandum.

## Termination

This MOU shall expire upon the placement of GHC clients in all of the 63-unit subdivision, or after each home will be purchased by individual(s) whether these individuals are GHC clients or not, whichever occurs first.

IN WITNESS WHEREOF, the parties hereto have executed this MEMORANDUM OF UNDERSTANDING on this 26th day of July, 1997.

SMC JOINT VENTURE

By: _____
JOO, IL JOONG

By: _____
EDWARD K. CHOI

GUAM HOUSING CORPORATION

By: _____
JAMES G. SABLAN
President

2




**EXHIBIT B**



DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96911
Telephone: (671) 646-1222
Facsimile: (671) 646-1223

Attorneys for Plaintiff

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SMC JOINT VENTURE, | ) CIVIL CASE NO. CV0796-00 |
| Plaintiff | ) |
| Vs. | ) |
| BANK OF GUAM, MARILYN MANIBUSAN, JAMES SABLAN and IL JOONG JOO, | ) SATISFACTION OF SETTLEMENT |
| Defendants. | ) |

**TO: CLERK, SUPERIOR COURT OF GUAM**

PLEASE TAKE NOTICE that Defendant James G. Sablan has paid to Plaintiff SMC Joint Venture the amount of $5,000.00 as stipulated in the settlement signed by the parties on March 3, 2003 in the above-captioned matter.

Dated this 19th day of February 2004.

DOOLEY ROBERTS & FOWLER LLP

By: _____
DAVID W. DOOLEY
Attorneys for Plaintiff

FEB 1 9 2004

## CERTIFICATE OF SERVICE

I, **DAVID W. DOOLEY**, hereby declare that on February 19, 2004, I caused a copy of the Satisfaction of Settlement to be served upon the following:

> David J. Lujan, Esq.
> **Lujan, Aguigui & Perez**
> Suite 300, Pacific News Building
> 238 Archbishop Flores Street
> Hagatna, Guam 96910
>
> Mark E. Cowan, Esq.
> **Arriola, Cowan & Arriola**
> Suite 201, C&A Professional building
> 259 Martyr Street
> Hagatna, Guam 96910

Dated this 19th day of February 2004.

_____
DAVID W. DOOLEY

DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96911
Telephone: (671) 646-1222
Facsimile: (671) 646-1223

Attorneys for Plaintiff

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| SMC JOINT VENTURE, | ) | CIVIL CASE NO. CV0796-00 |
| Plaintiff | ) | |
| Vs. | ) | |
| | ) | **NOTICE OF DISMISSAL** |
| BANK OF GUAM, MARILYN MANIBUSAN, JAMES SABLAN and IL JOONG JOO, | ) | |
| Defendants. | ) | |

Plaintiff SMC Joint Venture, through its counsel, hereby dismisses all claims against Defendant James Sablan in the above-captioned action.

Dated this 20th day of February 2004.

DOOLEY ROBERTS & FOWLER LLP

By: _____
**DAVID W. DOOLEY**
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, **DAVID W. DOOLEY**, hereby declare that on February 20th, 2004, I caused a copy of the Notice of Dismissal without Prejudice to be served upon the following:

David J. Lujan, Esq.
**Lujan, Aguigui & Perez**
Suite 300, Pacific News Building
238 Archbishop Flores Street
Hagatna, Guam 96910

Mark E. Cowan, Esq.
**Arriola, Cowan & Arriola**
Suite 201, C&A Professional building
259 Martyr Street
Hagatna, Guam 96910

Dated this 20th day of February 2004.

_____
**DAVID W. DOOLEY**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

FEB 27 2006

Jerimia K.J. Dumnas
Deputy Clerk Superior Court of Guam